UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
DEBRA KADAN,

                Plaintiff,

        -against-                        **AMENDED COMPLAINT**

                                         **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, NEW YORK CITY        1:15-cv-07349-ARR-JO
POLICE DEPARTMENT, P.O. JOHN MARCEDA
(Tax Reg#950819), LIEUTENANT CHRISTOPHER
DIAKONIKOLAS of 103rd Precinct, P.O. "JOHN DOE"
and P.O. "JANE DOE", true names unknown at this time,

                Defendants.
---------------------------------------------------------------------x

       The Plaintiff, DEBRA KADAN, by and through her Attorneys, Addabbo & Greenberg by Todd D. Greenberg, Esq., complaining of the defendants, jointly and severally respectfully allege, upon Information and belief, as follows:

### PRELIMINARY STATEMENT

       1.       Plaintiff, DEBRA KADAN, brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S. §1983 and 42 U.S. §1988 for violations of her civil rights, as said rights are secured by said Statutes and the Constitutions of the State of New York and the United States. Plaintiffs also assert Supplemental State Law claim.

### JURISDICTION

       2.       This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

       3.       Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff DEBRA KADAN is a citizen of the United States, and at all relevant times a resident of the County of Nassau, City and State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned corporation, City of New York.

9. That at all times herein mentioned, the individual named defendants, Police Officer John Marceda and Police Officers "John Doe" and "Jane Doe" ("City Defendants"), were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times herein mentioned, the individual named defendant, Lieutenant Christopher Diakonikolas, was duly sworn police officer of said department and was acting under the supervision of said department and according to his official duties.

1

11. That at all times hereinafter mentioned the aforementioned defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12. Each and all acts of the City Defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

14. The City Defendants are sued in their individual and official capacities.

## FACTS

15. On June 13, 2015, Plaintiff DEBRA KADAN was arrested and charged with Driving While Intoxicated pursuant to New York Vehicle and Traffic Law §1192-4 (drugs).

16. It is alleged in said Complaint that on or about June 13, 2015, between 12:25 a.m. and 1:03 a.m., at the intersection of Hillside Avenue and 196th Street, County of Queens, City and State of New York, the Plaintiff operated a motor vehicle while in an intoxicated condition by drugs.

17. The Criminal Court complaint set forth the following allegations:

    a) That Police Officer John Marceda of the 103 Precinct responded to a motor vehicle accident.

    b) Police Officer John Marceda observed a 2008 Mercedes Benz up against a parked 2003 Toyota.

    c) Plaintiff Debra Kadan stated, in sum and substance, "I was driving on Hillside Ave when I looked up and saw the parked car had the door

        open, I tried to avoid hitting the door and I hit the car."

    d)    That Police Officer John Marceda observed the plaintiff to have "…water eyes, excessively talkative, slurred speech, mismatching stories, unable to stand on her own, dilated pupils and combative demeanor."

    e)    That Police Office John Marceda states that the plaintiff was taken to Jamaica Hospital where she refused to take a blood test and a urine test.

    f)    That Police John Marceda states that plaintiff stated that "I was coming from a friend's house, no sushi bar and some Indian person opened the door to parked car and I didn't have enough room, I swerved into the car to avoid the door."

18.     Lieutenant Christopher Diakonikolas authorized the arrest of Plaintiff for Driving While Intoxicated.

19.     Absent from the Criminal Court Complaint was any allegation whatsoever that the Plaintiff ingested a drug, that the drug ingested was one prescribed by the Public Health Law, that after ingesting the drug, the plaintiff operated motor vehicle and that the plaintiff was impaired by the ingestion of the drug.

20.     Police Officer John Marceda and Lieutenant Christopher Diakonikolas were able to observe the nature of the collision, see that the airbag deployed and the physical injuries sustained by plaintiff all which should have been apparent to them from the collision.

21.     Despite the obvious signs that the plaintiff was in a serious accident, plaintiff DEBRA KADAN was arrested, plaintiff was confined and brought to Jamaica Hospital, seriously

injured, in handcuffs, and restrained.

22. That the observations of Police Officer John Marceda and Lieutenant Christopher Diakonikolas were consistent with a person who was just injured in a car accident.

23. On or about June 13, 2015, Plaintiff DEBRA KADAN was taken before a Judge of the Criminal Court of the City of New York for arraignment where Plaintiff DEBRA KADAN was released on her own recognizance.

24. Plaintiff DEBRA KADAN was forced to appear in Criminal Court on August 3, 2015, October 14, 2015 and November 4, 2015.

25. Further, plaintiff DEBRA KADAN had her driving privileges revoked from June 13, 2015 to approximately July 13, 2015 and, thereafter, from July 13, 2015 to present, was burdened with a conditional license.

26. On or about August 13, 2015 counsel for plaintiff DEBRA KADAN in the criminal case, Todd D. Greenberg, filed a motion to dismiss the charges based on the ground that the information was legally insufficient as a matter of law in that the Misdemeanor information failed to contained factual allegations of the evidentiary character demonstrating reasonable cause to believe the defendant committed the offense charged.

27. On November 4, 2015, the case was advanced and the district attorney moved to dismiss the charges without even responding to the defense motion.

28. Vehicle and Traffic Law § 1194(2) (v) (1) grants a DWI suspect a "statutory right to refuse the test".

29. There is a custom, usage and directive from the City of New York and the New York City Police Department to arrest motorists and deprive them of their liberty if that motorist exercises his statutory right to refuse a chemical test.

4

# FEDERAL CLAIMS

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "27" with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employee were carried out under the color of state law.

32. All of the aforementioned acts deprived Plaintiff DEBRA KADAN of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of U.S.C. 1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and/or while acting as agents of the city of New York, with the entire actual and/or apparent authority attendant thereto.

34. The acts of complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983; False Arrest under 42 U.S.C. §1983)

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "33" with the same force and effect as if fully set forth herein.

37. As a result of the aforesaid conduct by defendants, Plaintiff DEBRA KADAN was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

38. As a result of the foregoing, Plaintiff DEBRA KADAN's liberty was restricted for an extended period of time, she was put in fear of her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. §1983)
Deprivation of Rights under 42 U.S.C. § 1983; False Arrest under 42 U.S.C. §1983

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "36" with the same force and effect as if fully set forth herein.

40. Defendants misrepresented and falsified evidence before the District Attorney.

41. Defendants did not make a complete and full statement of facts to the District Attorney.

42. Defendants withheld exculpatory evidence from the District Attorney.

43. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

44. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff DEBRA KADAN.

6

45. Defendants acted with malice in initiating criminal proceedings against Plaintiff DEBRA KADAN.

46. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff DEBRA KADAN.

47. Notwithstanding the conduct of defendants, the criminal proceedings were terminated in Plaintiff DEBRA KADAN's favor on November 4, 2015, when all charges were dismissed.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Conspiracy under 42 U.S.C. §1985)

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "45" with the same force and effect as if fully set forth herein.

49. Defendants conspired to deprive Plaintiff of the aforementioned constitutional rights.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "47" with the same force and effect as if fully set forth herein.

51. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

52. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included but were not limited to, for arresting persons for DWI based on an alleged refusal to take a breath test which a motorist has a right to refuse. In addition the City of New York engaged in a policy, custom or practice of inadequate screening,

hiring, retaining, training and supervising its employees that was the moving force behind the violation of Plaintiff DEBRA KADAN's rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified , and has been deliberately indifferent to, the acts and conduct complained herein.

53. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff DEBRA KADAN.

54. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff DEBRA KADAN as alleged herein.

55. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department were the moving force behind the constitutional violations suffered by Plaintiff DEBRA KADAN as alleged herein.

56. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department, Plaintiff DEBRA KADAN was unlawfully arrested, detained, incarcerated, and subjected to physical restraints.

57. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff DEBRA KADAN's constitutional rights.

58. All of the foregoing acts by defendants deprived Plaintiff DEBRA KADAN of federally protected rights, including, but not limited to, the right:

    1. Not to be deprived of liberty without due process of law;

    2. to be free from seizure and arrest not based upon probable cause;

    3. to be free from unwarranted and malicious criminal prosecution;

    4. to be free from malicious abuse of process;

    5. to be free from conspiracy between law enforcement and private citizens that result in the violation of federally protected rights, privileges and immunities.

59. As a result of the foregoing, Plaintiff DEBRA KADAN is entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## PENDANT STATE LAW CLAIMS

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "57" with the same force and effect as if fully set forth herein.

61. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

62. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

63. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

64. Plaintiff has complained with all conditions precedent to maintaining the instant action.

65. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SIXTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

9

67. Defendants arrested Plaintiff DEBRA KADAN in the absence of probable cause and without a warrant.

68. As a result of the aforesaid conduct by defendants, Plaintiff DEBRA KADAN was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

69. The aforesaid actions by the defendants constituted a deprivation of plaintiff DEBRA KADAN's rights.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Unlawful Imprisonment under the laws of the State of New York)

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

71. As a result of the foregoing, Plaintiff DEBRA KADAN was falsely imprisoned, her liberty was restricted for an extended period of time, and he was humiliated and subjected to handcuffing and other physical restrain.

72. Plaintiff DEBRA KADAN was conscious of said confinement and did not consent to same.

73. The conferment of Plaintiff DEBRA KADAN was without probable cause and was not otherwise privileged.

74. As a result of the aforementioned conduct, Plaintiff DEBRA KADAN has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

76. Criminal proceedings were commenced and continued against plaintiff DEBRA KADAN which falsely and maliciously charged plaintiff with the commission of criminal acts.

77. Defendants, with the consent and participation of one another, continued said proceeding despite the fact they knew or should have known that plaintiff DEBRA KADAN had not committed any crimes, that there were no exigent circumstances justifying a warrant less arrest, and that there was no need for arrest and imprisonment of plaintiff.

78. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff DEBRA KADAN.

79. Defendants lacked probable cause to initiate criminal proceedings against plaintiff DEBRA KADAN.

80. Defendants were motivated by actual malice in initiating criminal proceedings against Plaintiff DEBRA KADAN.

81. Defendants misrepresented and falsified evidence before the District Attorney.

82. Defendants did not make a complete and full statement of facts to the District Attorney.

83. Defendants withheld exculpatory evidence in the continuation of criminal proceedings against Plaintiff DEBRA KADAN.

84. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff DEBRA KADAN.

85. Defendants lacked probable cause to continue criminal proceedings against Plaintiff DEBRA KADAN.

86. The conduct of the defendants, the criminal proceedings ended in a favorable termination when all charges against Plaintiff DEBRA KADAN were dismissed.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

87. Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

88. The aforementioned conduct perpetrated by each of the defendants herein was extreme, outrageous, and exceeded all reasonable bounds of decency.

89. The aforementioned conduct was committed by City Defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

90. The aforementioned conduct was committed by City Defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

91. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff DEBRA KADAN.

92. As a result of the aforementioned conduct, Plaintiff DEBRA KADAN suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR A NINTH ELEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

93. Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

94. Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of Plaintiff DEBRA KADAN.

95. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

### AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

96. Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

97. Upon information and belief the Defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of Plaintiff DEBRA KADAN.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

98. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

99. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the Defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Respondent Superior liability under the laws of the State of New York)

100. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

101. Defendant City of New York is vicariously liable for the acts of its employees and agents, including its officers, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein, and defendant Maceda, who was acting in concert with the City Defendants.

102. As a result of the foregoing, Plaintiff DEBRA KADAN is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, Plaintiff DEBRA KADAN demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper

Dated: Forest Hills, NY
August 25, 2016

Yours, etc.

/s/
Todd D. Greenberg, Esq.
ADDABBO & GREENBERG
Attorneys for Plaintiff
DEBRA KADAN
118-21 Queens Boulevard
Forest Hills, NY 11375
Tel. No. 718-268-0400